UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMY LOU WEEKLEY, et al., | |
| Plaintiffs, | Case No. 3:18-cv-01320 |
| v. | Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |
| DAVIDSON TRANSIT ORGANIZATION, et al., | |
| Defendants. | |

To: The Honorable William L. Campbell, Jr., District Judge

### REPORT AND RECOMMENDATION

Plaintiff Amy Lou Weekley filed this employment discrimination action on November 27, 2018, bringing claims on behalf of herself and her minor son under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., and the Tennessee Human Rights Act (THRA), Tenn. Code Ann. § 4-21-401, et seq. (Doc. No. 1.) It now appears, more than seven months later, that Weekley has failed to serve Defendants Rodney Jackson and Tiffany Simmons within the time provided by Federal Rule of Civil Procedure 4(m). Defendant Davidson Transit Organization (DTO) has filed a motion for partial dismissal, asking the Court to dismiss Weekley's son's claims on the grounds that Weekley, as a pro se litigant, is not able to bring claims on her child's behalf. (Doc. Nos. 33, 34.) Defendants Roosevelt Cobb, Ellen Johnson, Richard Kiefer, Amy McDaris, Charles Robertson, and Jamal Miles (collectively, the individual defendants) have filed a motion to dismiss Weekley's Title VII claims for failure to state a claim on which relief can be granted.[1]

---

[1] The Court grants Miles's motion to join this motion to dismiss (Doc. No. 44) by a concurrently issued order.

(Doc. No. 31, 44.) Weekley does not oppose Defendant DTO's motion and only opposes dismissal of her Title VII claims against individual Defendants Cobb and Miles. (Doc. Nos. 35, 36, 45.) For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss all of Weekley's claims against Defendants Jackson and Simmons for failure to effect service under Rule 4(m) and grant the pending motions to dismiss. Because the defendants have not challenged Weekley's Title VII or THRA claims against Defendant DTO or her THRA claims against the individual defendants, those claims will proceed.

**I.      Factual and Procedural Background**

This action arises out of Weekley's employment by Defendant DTO. (Doc. No. 1.) Weekley alleges that Defendant Jackson sexually harassed her at work and that, after she reported his harassment, Defendants Miles and Cobb and others retaliated against her through work assignments and denial of medical benefits, among other things. She also alleges that she experienced discriminatory treatment because she is white. (*Id.*)

Weekley initiated this action on November 27, 2018, by filing a pro se complaint on behalf of herself and her minor son alleging that Defendants DTO, Jackson, Simmons, Miles, Cobb, Robertson, Kiefer, Johnson, McDaris, and James Robert Kerce are liable for sexual harassment, racial discrimination, and retaliation under Title VII and the THRA. (*Id.*) She requests compensatory and punitive damages. (*Id.*) On January 9, 2019, the Court granted Defendant Kerce's unopposed motion to dismiss Weekley's claims against him. (Doc. No. 30.) Defendants DTO, Miles, Cobb, Robertson, Kiefer, Johnson, and McDaris have all appeared in the action and filed responsive pleadings. (Doc. Nos. 6–11, 17, 31, 33, 42–44.) Defendants Jackson and Simmons have not appeared, and the record indicates that summonses to them were returned unexecuted. (Doc. Nos. 23, 24.)

2

On January 14, 2019, Defendant DTO filed a motion for partial dismissal, arguing that the claims Weekley brings on behalf of her son must be dismissed because she cannot represent him in court. (Doc. Nos. 33, 34.) Weekley has responded that she "does not oppose the dismissal of Plaintiff, Bryce Pahl Weekley." (Doc. No. 35, PageID# 111.) Defendants Cobb, Johnson, Kiefer, McDaris, and Robertson moved to dismiss Weekley's Title VII claims against them arguing that Title VII does not impose liability on individuals. (Doc. Nos. 31, 32.) Defendant Miles later moved to join these defendants' motion. (Doc. No. 44.)

Weekley has responded to the individual defendants' motion to dismiss, arguing that Defendants Cobb and Miles are subject to liability under Title VII because they are DTO's agents but conceding that her Title VII claims against Johnson, Kiefer, McDaris, and Robertson should be dismissed. (Doc. Nos. 36, 45.) The individual defendants have not argued that Weekley's claims against them under the THRA are subject to dismissal.

On April 3, 2019, the Magistrate Judge ordered Weekley to file a supplemental response to the defendants' motions to dismiss by April 23, 2019, stating whether she intended to retain counsel to pursue her child's claims. (Doc. No. 40.) The Magistrate Judge also ordered Weekley to file proof that she served Defendants Jackson and Simmons or, in the alternative, a statement indicating why she had not yet served them and whether she intended to pursue her claims against them. (*Id.*) The Magistrate Judge warned Weekley that failure to respond could result in recommendations that the Court dismiss her child's claims against all of the defendants and her own claims against Defendants Jackson and Simmons. (*Id.*) Weekley did not respond.

## II. Legal Standard

### A. Federal Rule of Civil Procedure 4(m)

Rule 4(m) provides that a plaintiff has "90 days after the complaint is filed" to effect service on all defendants. Fed. R. Civ. P. 4(m). "[T]he requirement of proper service of process 'is not

3

some mindless technicality[,]'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Developer Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *Id.*; Fed. R. Civ. P. 4(m) advisory committee's note to the 1993 amendment; *see also Henderson v. United States*, 517 U.S. 654, 662 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Absent either showing, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996).

**B.     Federal Rule of Civil Procedure 12(b)(6)**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all of the

complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [her to] relief." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014) (quoting *Aho v. Cleveland-Cliffs, Inc.*, 219 F. App'x 419, 422 (6th Cir. 2007)). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

Because Weekley proceeds pro se, the Court construes her filings "liberally" and holds his amended complaint "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III.** **Analysis**

   **A.** **Failure to Serve Defendants Jackson and Simmons**

This action has been pending for more than 200 days without proper service of process on Defendants Jackson and Simmons. The Court notified Weekley early on that she was responsible for serving process on each defendant named in her complaint in accordance with the Federal Rules of Civil Procedure. (Doc. No. 5.) When the time for service under Rule 4(m) had passed, the Court notified Weekley of that fact, provided her an opportunity to explain why the Court should extend the service deadline with respect to Defendants Jackson and Simmons instead of dismissing her claims against them, and warned her that failure to respond could lead to a recommendation of dismissal. (Doc. No. 40.) Weekley did not respond. Because Weekley has not served Defendants Jackson and Simmons in compliance with Rule 4 despite ample time to do so,

5

and because she has offered no reason for this delay, dismissal of her claims against them without prejudice under Rule 4(m) is appropriate.

### B. Defendant DTO's Motion for Partial Dismissal

Weekley has not objected to Defendant DTO's motion to dismiss her minor son's claims against it. (Doc. No. 35.) DTO's motion (Doc. No. 33) should therefore be granted. Weekley also has not responded to the Magistrate Judge's order warning her that she must retain counsel to pursue her son's claims and requiring her to notify the Court if "she intends to retain counsel to pursue her child's claims against any individual defendant named in her complaint or, alternatively, if she intends to continue to proceed pro se, in which case her child's claims against all defendants will be dismissed." (Doc. No. 40.) Because she has not retained counsel and has failed to otherwise indicate an intention to pursue her child's claims against any individual defendants, dismissal without prejudice of those claims against all defendants named in the complaint is appropriate. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (holding that "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative").

### C. The Individual Defendants' Motion to Dismiss

The individual defendants are correct that, under binding Sixth Circuit precedent, individuals "cannot be held personally liable for violations of Title VII." *Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012) (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)). Weekley has not pointed to any legal authority stating otherwise, and her Title VII claims against the remaining individual defendants should be dismissed. Notably, the individual defendants do not argue that they cannot be held liable under the THRA. Their motion to dismiss only addresses Weekley's claims under Title VII. (Doc. Nos. 31, 32, 38, 44, 45.) The question of whether

Weekley's complaint adequately states claims for relief under the THRA against Defendants Miles, Robertson, Cobb, Kiefer, Johnson, and McDaris is therefore not before the Court.

IV.     **Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that:

1. All of Weekley's claims against Defendants Jackson and Simmons be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 4(m);

2. Defendant DTO's motion for partial dismissal (Doc. No. 33) be GRANTED and Plaintiff Bryce Pahl Weekley's claims against all defendants in this action be DISMISSED WITHOUT PREJUDICE; and

3. The individual defendants' motion to dismiss (Doc. No. 31) be GRANTED and Weekley's Title VII claims against Defendants Miles, Robertson, Cobb, Kiefer, Johnson, and McDaris be DISMISSED WITH PREJUDICE.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 2nd day of July, 2019.

ALISTAIR E. NEWBERN
United States Magistrate Judge